IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

JACKIE T NETTERVILLE,

    Petitioner,

v.                                        CASE NO. 4:11-cv-410-WS-GRJ

SECRETARY, DEPT. OF
CORRECTIONS,

    Respondent.

_____/

## REPORT AND RECOMMENDATION

Petitioner initiated this case by filing a *pro se* Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.  Doc. 1.  This case is presently before the Court on Doc. 7, Respondent's motion to dismiss the Petition for lack of jurisdiction because Petitioner has not asserted a cognizable federal habeas corpus claim.  For the following reasons, the undersigned recommends that the motion to dismiss be granted.[1]

### Background and Petitioner's Claims

The Petition stems from Petitioner's Leon County jury-trial convictions for second-degree murder and use of a firearm during a felony, for which Petitioner initially received concurrent 15 and five-year sentences, respectively, in 1995.  *See* Doc. 1, exhibits; *Netterville v. State*, 673 So.2d 986 (Fla. 1st DCA 1996).  The second-degree murder offense was a first-degree felony that carried a potential maximum sentence of life imprisonment.  *See* Fla. Stat. § 782.04(2) (1994).  Petitioner's original sentencing

---

[1] Because the Court may resolve the Petition on the basis of the record, the Court has determined that an evidentiary hearing is not warranted.  *See* Rule 8, Rules Governing Habeas Corpus Petitions Under Section 2254.

scoresheet for the second-degree murder conviction did not assess any points for use of a firearm, and the scoresheet reflects that his state guideline sentencing range was 165.3 to 275.5 months, with a midpoint of 220.4 months.  Doc. 1 at 9-10 (Petitioner's exhibit C).

Petitioner was released on probation from the second-degree murder conviction. He was convicted of a probation violation in 2006.  Petitioner's 2006 VOP sentencing scoresheet for the second-degree murder conviction included 18 points for use of a firearm, and reflects that his guideline sentencing range was 180.6 to 301 months, with a midpoint of 240.8.  Doc. 1 at 16-17 (Petitioner's exhibit B).  Petitioner was sentenced to 20 years' imprisonment for the violation.  Doc. 1 at 20.[2]

Petitioner asserts two grounds for relief.  First, Petitioner contends that his original sentencing scoresheet was binding on the state court for purposes of resentencing him for the violation of probation.  Second, Petitioner contends that his constitutional right to due process was violated because the scoresheet for his VOP sentencing was based on revised 1995 guidelines, and not the 1994 guidelines applicable to his original offense. Doc. 1 at 5-6.

## Scope of Federal Habeas Review

The role of a federal habeas court when reviewing a state prisoner's application pursuant to 28 U.S.C. § 2254 is limited.  *Williams v. Taylor*, 529 U.S. 362, 403-04 (2000).  Under section 2254(a), federal courts "shall entertain an application for a writ of

---

[2]According to the Department of Corrections' online inmate information, with credit for previous time served in jail and in DOC custody, Petitioner's current projected release date is December 16, 2012.  *See* http://www.dc.state.fl.us.

habeas corpus on behalf of a person in custody pursuant to the judgement of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."

Federal courts must give deference to state court adjudications unless the state court's adjudication of the claim is "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." *See* 28 U.S.C. § 2254(d)(1). "It is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Estelle v. McGuire*, 502 U.S. 62, 67, 112 S.Ct. 475, 116 L.Ed. 2d 385 (1991); *Carrizales v. Wainwright*, 699 F.2d 1053, 1054-55 (11th Cir. 1983).

Moreover, a habeas petition grounded on issues of state law provides no basis for habeas relief, as a violation of a state statute or rule of procedure is not, in itself, a violation of the federal constitution. *Engle v. Isaac*, 456 U.S. 107, 120-21, 102 S.Ct. 1558, 1568, 71 L.Ed.2d 783 (1982); *Branan v. Booth*, 861 F.2d 1507, 1508 (11th Cir. 1989). A federal writ of habeas corpus is only available in cases of federal constitutional error. *See Jones v. Goodwin,* 982 F.2d 464, 471 (11th Cir.1993); *Krasnow v. Navarro,* 909 F.2d 451, 452 (11th Cir.1990).

The limitation on federal habeas review applies with equal force when a petition, which truly involves only state law issues, is couched in terms of alleged constitutional violations. *Branan*, 861 F.2d at 1508. Furthermore, the Eleventh Circuit has stated that "[i]n the area of state sentencing guidelines in particular, we consistently have held that federal courts cannot review a state's alleged failure to adhere to its own sentencing procedures." *Branan,* 861 F.2d at 1508.

## **Discussion**

A review of the Petition and the attached sentencing documents reflects that Petitioner's claim is a state law claim challenging the application of state sentencing laws; and therefore the claim is not cognizable on federal habeas review. See 28 U.S.C. § 2254(a); *Engle*, 456 U.S. at 120-21; *Branan*, 861 F.2d at 1508 ("[F]ederal courts cannot review a state's alleged failure to adhere to its own sentencing procedures."). Despite Petitioner's conclusional assertion that his sentence violated federal due process, Petitioner's claim is not cognizable on federal habeas corpus review because he makes no showing of a federal constitutional violation. See 28 U.S.C. § 2254(a); *Swarthout v. Cooke*, ___ U.S. ___, 131 S.Ct. 859, 861 (2011) ("The habeas statute unambiguously provides that a federal court may issue a writ of habeas corpus to a state prisoner only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.") (internal quotations and citations omitted); *Estelle,* 502 U.S. at 67 ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.").

This Court has consistently rejected similar habeas corpus claims. See, e.g., *Coley v. McNeil*, 2009 WL 563891 at *2 (N.D. Fla., March 2, 2009). In *Coley*, the petitioner contended that he was erroneously sentenced as a habitual offender, and because of the error, he was denied due process and equal protection. *Id.* This Court concluded that the petitioner was attempting to "couch" his state sentencing claim as one of constitutional error, and found that the petitioner had only presented a state law claim. *Id.* Thus, the petitioner's sentencing claim was not cognizable on federal habeas review. *Id.*; see also *Branan*, 861 F.2d at 1508*; Estelle*, 502 U.S. at 71-72; *Carrizales*,

699 F.2d at 1055; *Jones v. Sec'y Dep't of Corr.*, 2006 WL 2724892 at *3 (M.D. Fla., Sept. 22, 2006) (finding that, because petitioner's claim challenging designation as a habitual offender was a matter of state law, his sentencing claim was not cognizable on federal habeas review).

Even if Petitioner's sentencing claim was cognizable on federal habeas review, the facts alleged do not support Petitioner's claim for relief. Petitioner contends that the state court should have been bound by his original sentencing scoresheet. Doc. 1. The VOP sentence that he received – 20 years – is within the sentencing range determined on his original scoresheet, which did not include any additional points for use of a firearm. *See* Doc. 1 at 18-19 (Petitioner's exhibit C).

## Certificate of Appealability

Section 2254 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing Section 2254 Cases.

The undersigned finds no substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000). Therefore, the undersigned recommends that the district court deny a certificate of appealability in its final order.

Rule 11(a) also provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Thus, if there is an

objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully **RECOMMENDED:**

1. That the motion to dismiss, Doc. 7, be **GRANTED.**

2. That the petition for a writ of habeas corpus (Doc. 1) be **DENIED**.

3. That a certificate of appealability be **DENIED.**

**IN CHAMBERS** this 16th day of April 2012.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PARTIES

A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.